1

2

3

4

5

6

7

8                                    IN THE UNITED STATES DISTRICT COURT

9                              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    CHRISTINA WONG,                                       No. 3:14-cv-05524-CRB

12               Plaintiff,                                  **ORDER GRANTING MOTIONS TO**
                                                            **DISMISS WITH LEAVE TO AMEND**
13       v.

14    ELLEN ANDERSON, ET AL.,

15               Defendants.
                                                   /
16

17         Now before this Court are four motions to dismiss filed by Ellen Anderson and Linda

18    Harrison ("The Harrison Team") (dkt. 7), San Francisco Housing Development Corporation

19    ("SFHDC") and David Sobel (dkt. 11), Borrower's Best, Inc. and Lisa Fitts (dkt. 14), and the

20    City and County of San Francisco ("CCSF") (dkt. 16) (collectively "Defendants").  In this

21    breach of contract and breach of fiduciary duty action, Plaintiff Christina Wong, appearing

22    pro se, seeks specific performance from Defendants to complete a real estate transaction.  In

23    filing her case in this Court ,Wong expressly seeks to relitigate claims that she unsuccessfully

24    pursued in state court.  See Wong v. Harrison Team, No. CGC 13-535017 (Cal. Super. Ct.

25    Feb. 24, 2014); see also Compl. at 2 (dkt. 1) (reciting the result of the state action and

26    inviting this Court to "review and resolve the real transaction dispute").

27         Defendants make motions to dismiss on the following grounds: (1) lack of subject-

28    matter jurisdiction; (2) res judicata as to Defendants Anderson, Harrison, and the Harrison

Team; and (3) failure to state a claim upon which relief can be granted under Federal Rule of

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Civil Procedure 12(b)(6).  Wong's initial deadline to respond to the motions to dismiss filed

2    by the Harrison Team, SFHDC, and Borrower's Best passed on February 2, February 4, and

3    February 6, respectively, without any filing from Wong.  Also pending was a motion to

4    dismiss by CCSF, to which a response was due on February 13.  On February 10, 2015, this

5    Court granted Wong's motion for an extension of time (dkt. 26), giving her until February 20

6    to file written oppositions to all pending motions to dismiss.  See Scheduling Order (dkt. 35).

7    The Court also put all parties on notice that it might rule on the motions to dismiss without a

8    hearing per Northern District of California Local Rule 7-1(b).  Wong filed her opposition on

9    February 20, 2015.  See Opposition (dkt. 42).

10         The Court first considers whether it has jurisdiction over this matter.  If a federal

11   district court does not have subject-matter jurisdiction, it must dismiss the case.  See Fed. R.

12   Civ. P. 12(b)(1).  Unlike state courts, federal courts have limited jurisdiction: they may only

13   hear cases where they have jurisdiction over the "subject matter" of the dispute, as

14   determined by federal law and the Constitution.  See Kokkonen v. Guardian Life Ins. Co. of

15   Am., 511 U.S. 375, 377 (1994).  Federal district courts may obtain subject-matter jurisdiction

16   if there is diversity of citizenship, if the case concerns a "federal question," or if the

17   government is a party.  See 28 U.S.C. § 1330 et seq.

18         A district court may have diversity jurisdiction if the parties in the case have diverse

19   citizenship, generally meaning that none of the plaintiffs and none of the defendants are

20   citizens of the same state.  Id. § 1332.  A district court may have federal question jurisdiction

21   if the case "aris[es] under the Constitution, laws, or treaties of the United States."  Id. § 1331.

22   In determining whether a complaint raises a federal question, courts use the "well-pleaded

23   complaint rule."  The rule provides that "federal jurisdiction exists only when a federal

24   question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar

25   Inc. v. Williams, 482 U.S. 386, 392 (1987).

26         Though the defendant makes the motion to dismiss, the plaintiff has the burden of

27   showing that the Court has subject-matter jurisdiction.  See Kokkonen, 511 U.S. at 377.  The

28   plaintiff must do so by including a short and plain statement of the grounds upon which the

**United States District Court**
For the Northern District of California

1  court has jurisdiction in her complaint.  Fed. R. Civ. P. 8(a).  When a plaintiff appears pro se,

2  as Wong does here, the complaint must "be liberally construed" and be "held to less stringent

3  standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94

4  (2007) (internal quotation marks and citations omitted).  However, a court "is not required to

5  accept legal conclusions cast in the form of factual allegations if those conclusions cannot

6  reasonably be drawn from the facts alleged."  See Clegg v. Cult Awareness Network, 18 F.3d

7  752, 754–55 (9th Cir. 1994); see also Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

8  266, 268 (9th Cir. 1982) ("[A] liberal interpretation of a [pro se] complaint may not supply

9  essential elements of the claim that were not initially pled.").  If a court dismisses a pro se

10  complaint, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it

11  is clear . . . the complaint could not be saved by amendment."  Eminence Capital, LLC v.

12  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

13       As a preliminary matter, to the extent Wong seeks to have this Court review the state

14  court's final judgment, the Court lacks subject-matter jurisdiction to do so.  Atl. Coast Line

15  R. Co. v. Bd. of Locomotive Eng'rs, 398 U.S. 281, 296 (1970).  Even assuming that Wong

16  alleges causes of action in this Complaint that are new or separate from the state action,

17  however, she has failed to meet her burden to show that this Court has subject-matter

18  jurisdiction on either federal question or diversity grounds.

19       Wong's Complaint alleges that this Court has jurisdiction on federal question grounds

20  "because [the Complaint] arises under the law of the United States—a violation of the Fair

21  Housing Act of 1968."  Compl. at 1.  The Fair Housing Act generally prohibits

22  discriminatory housing practices.  See 42 U.S.C. §§ 3601–3619.  Aside from that single

23  reference to the Act, however, the Complaint fails to allege any facts relating to

24  discrimination or causes of action that might arise under the Act.  Even liberally construed,

25  the allegations contained in the Complaint are not enough on their face to show that the

26  Complaint raises a federal question under the Act.  See Safe Air for Everyone v. Meyer, 373

27  F.3d 1035, 1039 (9th Cir. 2004).  Without more, Wong does not meet her burden of showing

28  that the Court has subject-matter jurisdiction on federal question grounds.

United States District Court

For the Northern District of California

1    Wong also has not—and seemingly cannot—establish subject-matter jurisdiction on

2   diversity grounds.  Diversity jurisdiction requires complete diversity between the parties,

3   meaning each plaintiff must be a citizen of a different state or country than each defendant.

4   Kohler v. Inter-Tel Technologies, 244 F.3d 1167, 1170 (9th Cir. 2001).  Wong appears to be

5   a citizen of California, and at least one (if not all) of the Defendants are also citizens of

6   California.

7    Wong has not carried her burden to prove that the Court has subject-matter

8   jurisdiction over this case.  The Court therefore GRANTS the motions to dismiss for lack of

9   subject-matter jurisdiction.

10    However, because Wong argues in her opposition that "what we have here is a

11   housing discrimination case," see Opposition at 2, and because she appears pro se, the Court

12   also GRANTS Wong leave to amend her Complaint within 30 days of the date of this order.

13   No further extensions will be granted.  Any amended complaint must clearly explain how the

14   amendments address the defects listed above.  Failure to conform  may result in dismissal

15   with prejudice.

16

17    **IT IS SO ORDERED.**

18

19

20   Dated: February 27, 2015

                                        CHARLES  R. BREYER
21                                      UNITED STATES DISTRICT
                                        JUDGE
22

23

24

25

26

27

28

4