**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WONG,<br><br>        Plaintiff,<br><br>    v.<br><br>ELLEN ANDERSON, ET AL.,<br><br>        Defendants. | No. 3:14-cv-05524-CRB<br><br>**ORDER DISMISSING COMPLAINT SUA SPONTE WITHOUT LEAVE TO AMEND** |

In this breach of contract and breach of fiduciary duty action, Plaintiff Christina Wong, appearing pro se, seeks specific performance from six defendants to complete a real estate purchase after the San Francisco Superior Court dismissed a similar complaint and the appellate division affirmed. See generally Complaint (dkt. 1); Wong v. Harrison Team, No. GCG-13-535017 (Cal. App. Dep't Super. Ct. Oct. 3, 2014) (holding Wong "failed to present a basis upon which the seller or broker had an obligation to extend the closing period so as to violate any legal duty owed to [her]"). On February 27, 2015, this Court dismissed Wong's initial Complaint with leave to amend because her single allegation that the case arose "under the law of the United States—a violation of the Fair Housing Act of 1968" was insufficient to prove that the Court had subject-matter jurisdiction. See Order Granting Mot. to Dismiss with Leave to Amend (dkt. 48). The Court also ordered Wong to explain clearly how any amended complaint addressed the defect of subject-matter jurisdiction, and warned that

"[f]ailure to conform may result in dismissal with prejudice." See id. at 4.

Subsequently, Wong filed her First Amended Complaint ("FAC") on March 26, 2015. See FAC (dkt. 71). The FAC again fails to allege facts sufficient to show that this Court has subject-matter jurisdiction. Wong alleges that "[w]hat is being presented in this Court is a review of a federal statute, 42 U.S.C. § 3601–3619 known as the Fair Housing Act as it evaluates the failed condominium sale in 2013," id. at 1, and that:

> The Fair Housing Act generally prohibits discrimination and discriminatory housing practices. Plaintiff, Christina Wong, female of single status and of Asian descent, a resident of the State of California, is a naturalized citizen of the United States of America, and as such, per 42 U.S.C. § 1982, shall have the right to purchase real property.

See id. at 2. Other than these conclusory allegations, however, the FAC does not allege any facts regarding discriminatory conduct that would give rise to a cause of action under the Fair Housing Act, i.e. that any defendant discriminated against Wong based on her "race, color, religion, sex, handicap, familial status, or national origin" by refusing to extend the time to close escrow or at any time during the course of the transaction. See 42 U.S.C. § 3604 (prohibiting discrimination in the sale or rental of housing and other practices). Nor does Wong explain how the FAC addresses the defects that the Court raised in its February 27 Order. Instead, Wong alleges that the issues before this Court are:

> Did the defendants' willful disregard of the request for extension to close escrow preclude[] plaintiff's successful participation in this taxpayer funded project whose very mission is sustainable and affordable housing—violating a civil right[] in the process?
> . . .
> Was the plaintiff's exercise of her privilege of applying for the WISH grant and request for a seller's credit, disparately impacted [by] the defendants' handling of the transaction?

See FAC at 3. These questions are not sufficient to establish federal subject-matter jurisdiction. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994) (holding that a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged").

This Court gave Wong notice and the opportunity to cure the jurisdictional defect in her Complaint. She did not do so despite the Court's warning that failure could result in

2

1 dismissal with prejudice—and likely could not do so, as nothing indicates that the underlying
2 facts give rise to federal jurisdiction under any theory.  The Court has the power to dismiss
3 claims sua sponte for lack of jurisdiction.  See Cal. Diversified Promotions, Inc. v. Musick,
4 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte
5 for lack of jurisdiction.").  To do so here would not surprise or unfairly prejudice Wong in
6 light of the prior process that this Court afforded Wong on this very question.  See Scholastic
7 Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003) (affirming sua
8 sponte dismissal for lack of subject-matter jurisdiction where court had previously dismissed
9 claims without prejudice, and therefore plaintiff could not "claim to have been surprised or
10 unfairly prejudiced").

11     Accordingly, the Court DISMISSES Wong's claims WITH PREJUDICE for lack of
12 subject-matter jurisdiction.  The pending Motion to Dismiss (dkt. 49) is DENIED AS
13 MOOT.

14     **IT IS SO ORDERED.**

16 Dated: March 27, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE